Laraine M. I. Burrell, WSBA # 48684
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
Wenatchee, WA 98801
Telephone: (509) 662-3685
Email: LaraineB@jdsalaw.com
**ATTORNEYS FOR PLAINTIFF**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE MCBRIDE ORGANIZATION LLC, a Washington limited liability company, | *CASE NO.* |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | (1) Declaratory Relief Under 28 U.S.C. § 2201(a) |
| PHANTOM ATHLETICS, a foreign entity doing business in the United States; DOMINIQUE WENGER, an individual, | (2) Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a) |
| Defendants. | (3) Common Law Unfair Competition |
| | (4) Business Disparagement |
| | (5) Intentional Interference with Prospective Economic Advantage |
| | (6) Preliminary and Permanent Injunctive Relief |

Plaintiff, THE MCBRIDE ORGANIZATION LLC ("Plaintiff"), by and through its undersigned counsel of record, hereby alleges and complains against Defendants, PHANTOM ATHLETICS and DOMINIQUE WENGER (collectively "Wenger" or "Defendants") as follows:

COMPLAINT FOR DECLARATORY RELIEF
Page 1
4103492.DOCX

**NATURE OF ACTION**

This is an action for Declaratory Relief under 28 U.S.C. § 2201(a) with related claims for unfair competition, business disparagement, intentional interference with prospective economic advantage and for preliminary and permanent injunctive relief. Plaintiff also seeks damages, attorneys' fees, and costs.

**JURISDICTION**

1.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 2201(a),  28 U.S.C. §§1331 and 1338(a), and 15 U.S.C. § 1125.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.    This Court has personal jurisdiction over the Defendants based upon the following:  (a) Defendants sell athletic and related products on the Internet under the trademark PHANTOM ATHLETICS that are accessible to residents of the State of Washington, in fact, Plaintiff, a resident of Wenatchee has obtained those products through an authorized distributor and also sells those products on the Internet; (b) Defendants have an Austrian trademark registration for the mark PHANTOM ATHLETICS.  Defendants applied to the United State Patent and Trademark Office for its mark to be granted U.S. protection for the sales of its products in the United States, but that application was denied; (c) Defendants now claim that the products being sold in Wenatchee, Washington, by the Plaintiff, Defendants' business competitor, are counterfeit; (d) Defendants have filed complaints with entities throughout the United States with which Plaintiff does business and as a result of those complaints, Plaintiff's accounts with these third parties have been suspended or closed; and (e) Defendants committed tortious acts that they knew or should have known would cause injury to Plaintiff in the State of Washington.

COMPLAINT FOR DECLARATORY RELIEF
Page 2
4103492.DOCX

3.     Venue is proper in the United States District Court for the Eastern District of Washington under 28 U.S.C. § 1391(b) in that the asserted claims arose within the district and that the Defendants, or their agents, conducts business, resides, or may be found within this district.

**PARTIES**

4.     Plaintiff, The McBride Organization LLC, is a Washington limited liability company based in Wenatchee, Chelan County, Washington.  Plaintiff company is owned by Dan McBride ("McBride").

5.     Upon information and belief, Defendant Phantom Athletics is an entity based in Salzburg, Austria, but which conducts business throughout the United States including in Washington State, with American companies such as Amazon.com.  **See Printout of Defendant's Phantom Athletic Mask ("PA Mask") for sale on Amazon.com attached hereto as Exhibit 1.**

6.     Upon information and belief, Defendant Dominique Wenger, is the owner of Defendant Phantom Athletics.

**ALLEGATIONS COMMON TO ALL COUNTS**

**THE PLAINTIFF'S BUSINESS**

1.     Dan McBride grew up around the Fire Service.  His father is currently employed as a Captain and Fire Commissioner, and he was himself a volunteer firefighter.  McBride saw first-hand the chemicals, toxins and other contaminants firefighters were exposed to and which often lead to cancer and other life-threatening illnesses.

2.     McBride started his company, The McBride Organization LLC and a subsidiary, the Thin Red Line Family Store, to sell top rated safety equipment to

COMPLAINT FOR DECLARATORY RELIEF
Page 3
4103492.DOCX

firefighters and others.   Ten percent (10%) of all sales are donated to <firefightercancersupport.org.>

3.     Among the items McBride sells are safety masks designed for easier breathing, oxygen efficiency, and to increase physical and mental stamina not only for firefighters, but also for athletes.  One of those masks, the Thin Line Training Mask manufactured by Phantom Athletics (the "PA Mask") is the subject of this lawsuit and is shown as follows:



4.     McBride acquires his PA Masks from the distributor AliExpress found at <www.aliexpress.com>.  Significantly AliExpress offers Buyer Protection and that "If a product that falls under this guarantee is found to be counterfeit, you will get a full refund (shipping costs included)."

5.     Further, AliExpress' parent company, Alibaba, has instituted a platform to battle counterfeits.  With these guarantees in place, McBride has no reason to believe that any product, including the PA Mask, that it purchases from AliExpress is anything other than the genuine article.

6.     McBride's company sells its products on the Internet site Shopify.com. The company advertises and promotes its products on Facebook, and has set up a PayPal account to facilitate its sales.

COMPLAINT FOR DECLARATORY RELIEF
Page 4
4103492.DOCX

**DEFENDANTS' WRONGFUL ACTS**

1.     On or about June 6, 2017, McBride was contacted by Shopify, an online retail website, with a notice that a complaint had been lodged against McBride's company because the PA Masks it was selling were allegedly counterfeit. **See June 6, 2017 Email from Shopify attached hereto as Exhibit 2.** The allegation was made by Dominique Wenger who operates a company call Phantom Athletics which is upon information and belief based in Salzburg, Austria. **See Wenger's Complaint attached hereto as Exhibit 3.** Wenger's company website www.phantom-athletics.com is registered with PSI-USA, Inc. dba Domain Robot. **See Whois Record attached hereto as Exhibit 4.** Wenger also sells the PA Masks on his own website at www.phantom-athletics.com.

2.     Upon information and belief Wenger has an Austrian trademark registration for Phantom Athletics, International Registration No. 1332413. On or about February 23, 2017, Wenger applied for a U.S. registration with the United States Patent and Trademark Office under section 66A. The Application was issued a total refusal on March 16, 2017. **See USPTO Refusal attached hereto as Exhibit 5.**

3.     Despite being informed by the USPTO that Wenger has no U.S. rights in his PHANTOM ATHLETICS on about June 15, 2017, Wenger again filed a trademark infringement complaint with Shopify claiming McBride's company was infringing his trademark rights by selling the PA Masks. In his complaint Wenger claims that McBride was selling counterfeits using Wenger's trademark without his permission. **See Shopify's Email to McBride attached hereto as Exhibit 6.**

4.     Significantly absent from the complaint was how Wenger knew the PA Masks were counterfeit. For example, whether he had purchased a sample from The McBride Organization LLC and had it tested to see if it was made from different

COMPLAINT FOR DECLARATORY RELIEF
Page 5
4103492.DOCX

materials, was improperly constructed, whether it had a false batch number, or did not have an appropriate RFID or other track and trace tag in place.

5. Also missing from Wenger's complaint is any reference to his required due diligence in protecting his products to ensure counterfeit products do not enter the United States. He did not mention working with the United States Custom and Border Patrol Agents to file a notice of potential counterfeiting, provide samples of the real and counterfeit products to the agents, and help them identify the real versus counterfeit products.

6. Based on Wenger's one unsupported statement that the PA Mask was counterfeit, Shopify notified McBride that his account was suspended meaning McBride's business was closed leaving his company with no ability to sell its products online through Shopify.

7. Wenger's next attack was against PayPal. Wenger submitted a similar complaint of counterfeiting to PayPal who then informed McBride that his account was being disabled which not only prevented McBride from completing transactions for his company's sales, but which also resulted in the company assets in the PayPal account being frozen and inaccessible. **See PayPal's Notice of Suspension attached hereto as Exhibit 7.**

8. Wenger's third attack was on Facebook where he complained that McBride's company was advertising and promoting counterfeit products. Again, based on nothing more than an unsupported statement of counterfeiting, Facebook shut down The McBride Organization's Facebook page. **See Facebook's Notice of Suspension attached hereto as Exhibit 8.**

9. Over the next couple of days McBride researched his distribution chain back to AliExpress from where he purchased his products, and also their parent

COMPLAINT FOR DECLARATORY RELIEF
Page 6

4103492.DOCX

company Alibaba, and reviewed the guarantees offered by both companies.  AliExpress makes the following claim:

### Guarantee Genuine

If a product that falls under this guarantee is found to be counterfeit, you will get a full refund (shipping costs included).

**See Printout from AliExpress Website attached hereto as Exhibit 9.**  Similarly, Alibaba offers intellectual property protection for both consumers and intellectual property owners. **See Printout from Alibaba Website attached hereto as Exhibit 10.**

10.     With these guarantees offered by AliExpress and Alibaba, McBride had no basis to believe he was purchasing anything other than genuine products.

11.     More importantly, Wenger had the vehicle and obligation to submit a complaint to AliExpress and Alibaba if he believed they were selling counterfeit products which were then being resold by McBride.  He chose not to do so.

12.     Upon information and belief Wenger deliberately ignored his obligations as an intellectual property owner to use the vehicles offered to him to protect his property to instead wage a vendetta against one individual and that individual's company.

13.     This is not the end of the story.  McBride submitted a response to Shopify showing that Wenger had not offered any evidentiary support for this counterfeiting claim, and that because of the guarantees made by AliExpress,  McBride's PA Masks are not counterfeit.  Shopify agreed and lifted the ban on McBride's account.

14.     However, immediately after the ban was lifted, Wenger refiled his complaint forcing Shopify to enforce its policies and again suspend McBride's account.  After this happened multiple time, Shopify notified McBride that it can do nothing

COMPLAINT FOR DECLARATORY RELIEF
Page 7
4103492.DOCX

1  further and that the parties must resolve this dispute between themselves. **See Email**
2  **from Shopify to McBride attached hereto as Exhibit 11.**

3      15.    In a parting salvo on June 19, 2017, Wenger wrote in an email to McBride
4  stating: "Since you keep listing your counterfeit products, we have no other choice than
5  file a lawsuit.  Our US based law firm FINNEGAN is instructed to do so.  Happy selling
6  you clowns."  **See Email from Wenger to McBride attached hereto as Exhibit 12.**

7      16.    A glaring omission from all of Wenger's communications is the
8  acknowledgement that the PA Masks sold by McBride might have been legitimately
9  purchased from Wenger's own website, and legally resold in the United States.  If such
10 is the case, it defies logic that Wenger is happy to profit from the sales of his products
11 but then feels he has the right to attack those purchases simply because they are being
12 legitimately sold on to others.

13     17.    Based upon the above allegations, McBride now files this action for
14 Declaratory Relief and a finding that he is not selling counterfeit products or engaging
15 in any other form of intellectual property infringement, and for other business injuries
16 generated by Wenger's wrongful acts.

17

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Counterfeiting and Non-Infringement**
**under 28 U.S.C. § 2201(a))**

18     18.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully
19 set forth herein.

20     19.    There is a case of actual controversy between the Plaintiff and the
21 Defendants regarding Plaintiff's sale of the PA Masks.

COMPLAINT FOR DECLARATORY RELIEF
Page 8
4103492.DOCX

20.    Evidence supports Plaintiff's claim that he legitimately purchased the masks from AliExpress which offers a guarantee that the goods it sells are not counterfeit.

21.    Defendants claim the masks Plaintiff sells are counterfeits of his PA Masks, but offer no supporting evidence for this claim.

22.    Defendants have filed numerous complaints against Plaintiff with vendors and social media platforms resulting in Plaintiff's business being shut down.

23.    Plaintiff has reasonable grounds to believe that the PA Masks are genuine, and its sales of the masks are lawful.

24.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.[1]

25.    Plaintiff has been damaged by Defendants' acts and Plaintiff is entitled to the appropriate remedies including, but not limited to, treble damages, attorneys' fees and injunctive relief, and a Declaratory Order that Plaintiff is not purchasing, selling, advertising promoting or otherwise engaged in the distribution of counterfeit products.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin and False and Misleading Representations under the Lanham Act, 15 U.S.C. § 1125(a))

26.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

27.    Defendants allege that Plaintiff's sales of the PA Masks are counterfeit, and promote a false designation of origin by claiming they are the authentic masks of

---

[1] Significantly, because the business is shut down, the 10% donations to <firefightercancersupport.org.> are not currently being made.

COMPLAINT FOR DECLARATORY RELIEF
Page 9
4103492.DOCX

the Defendants when they are not.

28.    Defendants' representations are misleading because Plaintiff is selling only authentic masks and guaranteed as authentic by Plaintiff's supplier.

29.    Defendants' willful acts of misrepresenting the Plaintiff's products are intended to shut down Plaintiff's business so Defendants can misappropriate Plaintiff's customers for themselves.

30.    Defendants' misrepresentations are intentionally designed to harm the goodwill and reputation of the Plaintiff's business.

31.    The goodwill of Plaintiff's business is of great value and Plaintiff will suffer irreparable harm to its trade reputation and goodwill should Defendants' acts of unfair competition, and false representations and designations be allowed to continue.

32.    Unless enjoined by this Court from so doing, Defendants will continue to engage in acts of unfair competition, false representation and designation, to the irreparable damage and injury of Plaintiff.

33.    Upon information and belief, Defendants' acts of unfair competition and intentional false representation and designation, entitles Plaintiff to an award of its actual damages, and attorneys' fees and costs in bringing and maintaining this action.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition)

34.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35.    By engaging in the conduct alleged above, Defendants have unlawfully and unfairly competed with Plaintiff as a matter of common law.

36.    Upon information and belief, Defendants' harassing tactics including filing baseless complaints with Plaintiff's business associates is willful and done with

COMPLAINT FOR DECLARATORY RELIEF
Page 10
4103492.DOCX

the intent of removing Plaintiff as a competitor, misappropriating Plaintiff's customers, and destroying Plaintiff's goodwill and reputation.   Plaintiff is entitled to punitive damages.

37.    As a direct and proximate result of such common law unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## FOURTH CLAIM FOR RELIEF
(Business Disparagement)

38.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39.    Defendants have made false and disparaging statements concerning the Plaintiff including that he unlawfully and criminally sells counterfeit products on the Internet, a public forum.

40.    The Defendants' statements lack any supporting evidence and were published to third party commercial entities with which Plaintiff did business including Shopify, PayPal, and Facebook.

41.    Defendants failed to conduct any due diligence into the authenticity of the PA Masks sold by Plaintiff, including having a mask physically examined, checking the batch number of the masks, investigating the track and trace RFID or shipping and distribution tags to determine if the masks were authentic, or even checking their own records to determine if the masks were legitimately purchased from the Defendants but then resold.

42.    Defendants also failed to file a complaint with the PA Mask Distributor AliExpress as was required to ensure counterfeit products do not enter the chain of commerce.   Finally, Defendants have offered no information on working with the

COMPLAINT FOR DECLARATORY RELIEF
Page 11
4103492.DOCX

United States Customs and Border Patrols Agents to block counterfeit products from entering into the United States.

43.     These numerous and egregious failures by the Defendants, coupled with the only action the Defendants did take – to attack Plaintiff - establishes Defendants' malice.

44.     Plaintiff has met the elements to establish business disparagement and has been harmed by having his entire business operation shut down.  He is entitled to special damages.

### FIFTH CLAIM FOR RELIEF
(Intentional Interference with
Prospective Economic Advantage)

45.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46.     Upon information and belief, at all time relevant to this lawsuit the Defendants knew or should have known that the Plaintiff had legitimately purchased and was legally reselling the PA Mask.

47.     Upon information and belief, Defendants failed to engage in any due diligence to investigate whether the masks Plaintiff was selling were counterfeit.

48.     Defendants' intentional failure to conduct due diligence, and willful and egregious attacks on the Plaintiff were acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from selling the PA Masks and other products.

49.     Defendants' actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting purchasers away from Plaintiff's business to instead purchase those products from the Defendants.

50.     Defendants have no legal right, privilege or justification for their conduct.

51.     As a direct and proximate result of Defendants' intentional interference with Plaintiff's prospective economic advantage, Plaintiff has suffered, and will

COMPLAINT FOR DECLARATORY RELIEF

4103492.DOCX

1    continue to suffer, monetary damages and irreparable injury.

2    52.    Based on the intentional, willful and malicious nature of Defendants'

3    actions, Plaintiff is entitled to recover exemplary damages and reasonable attorneys'

4    fees and costs incurred in connection with this action.

5                    **SIXTH CLAIM FOR RELIEF**
                (Preliminary and Permanent Injunctive Relief)
6

7    53.    Plaintiff incorporates the allegations in the preceding paragraphs as if fully

8    set forth herein.

9    54.    Plaintiff requests a preliminary and permanent injunction enjoining

10   Defendants from making assertions that Plaintiff is engaged in selling counterfeit

11   products, and also to enjoin Defendants from filing any more complaints against the

12   Plaintiff with Plaintiff's vendors, until and unless Defendants can prove their allegations

13   are true.

14   55.    Plaintiff seeks a declaratory order that he is not selling counterfeit products

15   and that all of his accounts, including but not limited to Shopify, PayPal and Facebook

16   be immediately reinstated.

17                    **PRAYER FOR RELIEF**

18   **WHEREFORE**, Plaintiff respectfully prays that the Court grant the following

19   relief:

20   A.    A preliminary and permanent injunction prohibiting Defendants, their

21   respective officers, agents, servants, employees and/or all persons acting in concert or

22   participation with them, or any of them, from:  (1) falsely claiming that Plaintiff is

23   engaged in any form of counterfeiting relating to the PA Masks; (2) filing false

24   complaints that Plaintiff is engaged in selling counterfeit products with Plaintiff's

25   vendors, including Shopify, PayPal and Facebook, and any other commercial entity

26   with which Plaintiff does business; and (3) to immediately remove and rescind any and

COMPLAINT FOR DECLARATORY RELIEF
Page 13
4103492.DOCX

1  all complaints currently filed by Defendants with any commercial entity with which
2  Plaintiff does business.

3        B.    An Order requiring Shopify, PayPal, Facebook and any other entities who
4  have suspended Plaintiff's accounts based on complaints initiated by Defendants, to
5  immediately reinstate Plaintiff's accounts.

6        C.    An award of compensatory, consequential, statutory, and punitive
7  damages to Plaintiff in an amount to be determined at trial;

8        D.    An award of interest, costs and attorneys' fees incurred by Plaintiff in
9  prosecuting this action; and

10        E.    All other relief to which Plaintiff is entitled.

11        DATED: this 21th day of June, 2017.

12

13                              **JEFFERS, DANIELSON, SONN &**
                                **AYLWARD, P.S.**

14

15                              */s/ Laraine M. I. Burrell*

16                              Laraine M. I. Burrell, WSBA # 48684
                                2600 Chester Kimm Road
17                              Wenatchee, WA 98801
                                Telephone: (509) 662-3685
18                              Attorneys for Plaintiff

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY RELIEF
Page 14
4103492.DOCX