UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE MCBRIDE ORGANIZATION, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIQUE WENGER, an individual; and PHANTOM ATHLETICS, a foreign entity doing business in the United States,<br><br>Defendants. | NO: 2:17-CV-231-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff's motion for a preliminary injunction, ECF No. 7. On June 30, 2017, the Court heard oral argument, telephonically, on the motion from Laraine M. I. Burrell, appearing for Plaintiff, and David P. Gardner, appearing for Defendants. Defendant Dominique Wenger also listened to the argument by telephone from Austria. Having considered the parties' filings and oral argument regarding Plaintiff's motion, the remaining record, and the relevant law,

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION~1

the Court denied Plaintiff's motion at the conclusion of the hearing. This Order memorializes that oral ruling.

*Background*

Plaintiff sells a product described as Defendant Phantom Athletic's ("Phantom's") Thin Line Training Mask ("PA Mask"), bearing Defendant Phantom's marks, through Plaintiff's own website and the Shopify platform on the internet. Plaintiff also advertises the PA Mask through Facebook and has set up a PayPal account to facilitate sales transactions for the mask. However, the parties dispute whether the masks Plaintiff is selling are manufactured by Phantom or are counterfeit.

Phantom is a company based in Salzburg, Austria, owned by Defendant Dominque Wenger. Plaintiff sells PA Masks that Plaintiff alleges are purchased from distributor AliExpress. Plaintiff alleges that Mr. Wenger recently has made various efforts to prevent Plaintiff from selling the PA Mask, including contacting Shopify, PayPal, and Facebook with complaints that Plaintiff is selling counterfeit products. *See* ECF No. 8 at 2-3.

Plaintiff filed this action seeking: (1) a declaratory judgment of non-counterfeiting and non-infringement under 28 U.S.C. § 2201(a); (2) preliminary and permanent injunctive relief; and (3) damages based on a claim of federal unfair competition and false designation of origin and false and misleading representations under the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition,

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION~2

business disparagement, and intentional interference with prospective economic advantage. ECF No. 1. For purposes of the present motion, Plaintiff seeks to enjoin Defendants from pursuing "any complaints of trademark infringement and counterfeiting against the Plaintiff with entities in the United States pending resolution of this action[.]" ECF No. 18 at 4-5. Plaintiff also seeks a preliminary injunction to require non-parties Shopify, Paypal, and Facebook to "reinstate Plaintiff's accounts pending the resolution of this action." ECF No. 18 at 5.

### *Discussion*

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Provided the Court considers all four parts of the *Winter* test, the Court may supplement its preliminary injunction by considering whether "the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (quoting *Clear Channel*

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION~3

*Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)). Otherwise stated, the "serious questions" consideration survives *Winter*, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*, 632 F.3d at 1135.

Plaintiff did not show a likelihood of any irreparable harm in the absence of a preliminary injunction. Although Plaintiff alleged that the PayPal account was closed as a harm, counsel reported at argument that the account is no longer disabled. There also were representations by Defendant, uncontested by Plaintiff, that Plaintiff's Shopify and Facebook pages were functional again after access previously had been interrupted.

Plaintiff also did not demonstrate any significant or irreparable injury to date. Although counsel conceded that any losses would be quantifiable, counsel did not provide any evidence regarding Plaintiff's exact losses to date due to Defendant's alleged actions, or the proportion of Plaintiff's overall sales that the PA Mask represents. Any future damages may be quantified and presented at trial, if in fact Plaintiff is successful on the merits.

The Court further finds that substantial concerns undermine Plaintiff's likelihood to succeed on the merits. Specifically, Plaintiff's complaint and motion for preliminary injunction raise questions as to whether jurisdiction is appropriate, whether the appropriate party or parties have been named given the relief that

Plaintiff seeks, and whether Defendants actually are barred from asserting counterclaims, as Plaintiff asserts.

Lastly, the Court considers whether the balance of equities tips in favor of Plaintiff and whether an injunction is in the public interest. At the outset of this litigation, Defendants argue that their trademark and business name is being diluted by Plaintiff's selling products with Defendant Phantom's name that are counterfeit. Conversely, Plaintiff argues that it is losing sales and potentially some reputation. With the limited information available to the Court at this moment, the evidence supports Defendants' position and the equities tip toward Defendants rather than Plaintiff. Likewise, the public interest would not be well served by enjoining Defendants from asserting that the safety and/or exercise masks being sold by Plaintiff are not authentic products manufactured by Defendants.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a Preliminary Injunction, **ECF No. 7**, is **DENIED**.
2. The Court's Courtroom Deputy will set an expedited scheduling conference.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 3, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION~5