## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between The McBride Organization, LLC, a Washington limited liability company with an address at 2600 Chester Kimm Road, Wenatchee, Washington 98801 ("McBride"), and Phantom Athletics, an Austrian entity doing business in the United States with an address at Sternhofweg 54 A-5020 Salzburg, Austria ("Phantom").

WHEREAS, Phantom uses the stylized PHANTOM ATHLETICS logo shown below and variations thereof (individually and collectively the "Phantom Logo") for a wide range of products and services, including but not limited to training masks;



WHEREAS, Phantom alleges McBride has sold non-authentic Phantom products (the "Allegedly Infringing Products"), including training masks, bearing the Phantom logo;

WHEREAS, Phantom alleges McBride has used copyrighted images owned by Phantom to sell and advertise for sale Allegedly Infringing Products, including, for example, on its Facebook page and the ThinRedLineFamily.com website;

WHEREAS, Phantom objected to McBride's sale of the Allegedly Infringing Products and, after notifying McBride that the products he was selling were not genuine Phantom products, filed complaints of trademark and/or copyright infringement against McBride's sale/promotion of Allegedly Infringing Products with Shopify, PayPal, and Facebook;

WHEREAS, on June 21, 2017, McBride filed a complaint against Phantom in the United States District Court for the Eastern District of Washington, Case No. 2:17-cv-00231 (the "Civil Action"), alleging, among other things, unfair competition, business disparagement, and intentional interference with prospective economic advantage;

WHEREAS, each Party denies the allegations of the other; and

WHEREAS, the parties now wish to resolve this matter by agreement.

NOW, THEREFORE, in consideration of the mutual covenants and obligations contained in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, intending to be legally bound by this Agreement, the parties agree as follows:

1.      Phantom shall, as soon as is reasonably practicable upon entry of the Judgment (defined below), withdraw the complaints concerning McBride's activities that it submitted to Shopify, Paypal, and Facebook, in writing with a copy provided to McBride's counsel. Phantom's withdrawals shall indicate that the disputes between it and McBride have been resolved.  Upon reasonable request from McBride, Phantom shall, in addition to withdrawing its complaint in writing, provide a copy of this Agreement and Judgment to Shopify to demonstrate that the dispute has been resolved.

2.      Except for authentic products purchased from distributors identified by Phantom, McBride will immediately cease and permanently refrain from (a) displaying, manufacturing, distributing, offering, and/or selling any Phantom products bearing the Phantom Logo, any variations or portions thereof, the PHANTOM ATHLETICS name/mark, and/or any other term(s), stylization(s), or design(s) likely to be confused with or to dilute any name or mark owned by Phantom or its related companies in any form (the "Prohibited Marks"), and (b)

2

(directly or indirectly) using, registering, applying to register, or causing to be used or registered the Prohibited Marks in any form (e.g., as, or as part of, a trademark, logo, trade name, business name, domain name, fictitious name, tag, label, packaging, product design, product description, app name, keyword, favicon, and/or social media name), in any medium (e.g., print, television, Internet, or other electronic or online means), in connection with any products or services.

3.    Within ten (10) business days after the Effective Date of this Agreement (defined in Paragraph 19 below), McBride will:

   a.  deliver to Phantom all remaining Allegedly Infringing Products and all other Phantom products obtained from a dealer or distributor not authorized by Phantom in its possession, custody, or control;

   b.  destroy or remove from public availability (or have destroyed or removed from public availability) any and all remaining materials depicting Allegedly Infringing Products or using the Prohibited Marks in McBride's possession, custody, or control;

   c.  destroy any and all electronic copies in its possession of copyrighted images owned by Phantom and remove any and all copyrighted images owned by Phantom from public availability, including removing the same from its ThinRedLineFamily.com website, its Facebook account, and from all of its social media accounts; and

   d.  identify all sources of the Allegedly Infringing Products, provide an accounting of all sales of Allegedly Infringing Products made by McBride, and provide to Phantom all information, documents, and cooperation reasonably needed for

3

Phantom to protect its rights against the source(s) of the Allegedly Infringing Products.

4.      Concurrent with the execution of this Agreement, McBride and Phantom will sign and enter into the Final Judgment attached as Exhibit A ("Judgment"). Phantom will file the Judgment with the Court. If, for any reason, the Court requires modification or re-filing of the Judgment, Phantom will promptly consent to and sign a modified Judgment acceptable to McBride that complies with the Court's instructions and the terms of this Agreement.

5.      Provided McBride complies at all times with this Agreement, Phantom and its officers, directors, shareholders, parents, subsidiaries, affiliates, predecessors, successors, transferees, and assigns release McBride and its officers, directors, shareholders, parents, subsidiaries, affiliates, predecessors, successors, transferees, and assigns from the trademark and copyright infringement and other claims based on or arising out of McBride's sale, advertising, and offer for sale of the Allegedly Infringing Products before the execution of this Agreement. Nothing contained in this Paragraph releases or discharges McBride from: (a) any other claims (including any unknown claims), or (b) any claims arising from a breach of the terms of this Agreement.

6.      Provided Phantom complies at all times with this Agreement, McBride and its officers, directors, shareholders, parents, subsidiaries, affiliates, predecessors, successors, transferees, and assigns release Phantom and its officers, directors, shareholders, parents, subsidiaries, affiliates, predecessors, successors, transferees, and assigns from any and all claims (including but not limited to claims for damages, profits, or attorneys' fees) that McBride could have alleged against Phantom based on or arising out of Phantom's objection to McBride's sale of the Allegedly Infringing Products and use/registration of the Phantom Logo, including but not

4

limited to any claims based on or arising out of Phantom's complaints of trademark and/or copyright infringement submitted against McBride's sale/promotion of Allegedly Infringing Products with Shopify, PayPal, and Facebook. Nothing contained in this Paragraph releases or discharges Phantom from any of its obligations under this Agreement.

7.    McBride represents and warrants that as of the date of its execution of this Agreement:

a.    Except for the Allegedly Infringing Products, McBride has not offered any other products/services in connection with the Prohibited Marks in any other way;

b.    McBride does not own any trademark application(s) or registration(s) comprised of or containing the Phantom Logo or any Prohibited Mark;

c.    McBride has not registered or recorded (or applied to register or record) any trade name, business name, corporate name, or fictitious name comprised of or containing the Phantom Logo or any Prohibited Mark;

d.    McBride does not own or control, directly or indirectly, any domain name(s) comprised of or containing the Phantom Logo or any Prohibited Mark; and

e.    McBride has not registered or filed for any copyright registrations comprised of or containing the Phantom Logo or any Prohibited Mark and has not registered or filed for any copyright registration for any images owned by Phantom of products comprised of or containing the Phantom Logo or any Prohibited Marks.

8.    Provided McBride complies at all times with this Agreement, McBride may offer and sell any authentic Phantom products obtained from a dealer or distributor authorized and identified by Phantom and Phantom will identify at least one authorized dealer or distributer within ten (10) business days after the Effective Date of this Agreement (defined below).

9.    Each party warrants and represents that the person signing this Agreement has full power and actual authority to enter into this Agreement and to bind its respective directors, officers, agents, employees, partners, representatives, subsidiaries, affiliates, assigns, related companies, licensees, and successors to the Agreement.

5

10.    This Agreement constitutes the entire agreement and understanding between the parties, and supersedes any prior agreements, negotiations, or understanding between or among them relating to the subject matter of this Agreement. Further, the parties agree that this Agreement may not be amended or changed in any way, except by a written instrument signed by each of the parties.

11.    All notices and communications made in connection with this Agreement shall be in writing and delivered by hand, certified mail, or overnight courier service (such as FedEx delivery) and e-mail, addressed as follows:

If to McBride:            Dan McBride
                          The McBride Organization, LLC
                          895 Riverside Drive Unit B124
                          Wenatchee, WA 98801


With a copy, which does not constitute notice, to:

                          Laraine M. I. Burrell, Esq.
                          Jeffers Danielson Sonn & Aylward, P.S.
                          2600 Chester Kimm Road
                          Wenatchee, WA 98801
                          laraineb@jdsalaw.com


If to Phantom:            Dominique Wenger
                          Sternhofweg 54
                          5020 Salzburg, Austria

With a copy, which does not constitute notice, to:

                          Aaron L. Parker, Esq.
                          Finnegan, Henderson, Farabow,
                          Garrett & Dunner, LLP
                          901 New York Avenue, NW
                          Washington, DC 20001-4413
                          aaron.parker@finnegan.com

6

Any change of address will be effective when sent in accordance with the provisions of this Paragraph.

12.     This Agreement, and all of its provisions, shall be binding upon and inure to the benefit of the parties and their respective officers, directors, shareholders, predecessors, successors, transferees, assigns, parents, affiliates, and subsidiaries.

13.     If any portion of this Agreement is declared invalid or unenforceable for any reason, such portion is deemed severable and the remainder of this Agreement will be deemed and remain fully valid and enforceable unless such invalidity or unenforceability tends to substantially deprive any party of the benefits to be provided to it by this Agreement, in which case said deprived party will have the option of keeping this Agreement in effect or terminating it.

14.     This Agreement is governed solely by, and construed solely in accordance with, the laws of the State of Washington and any applicable federal law, irrespective of any conflict-of-law issues. The parties irrevocably consent and submit to the jurisdiction of the U.S. District Court for the Eastern District of Washington as the sole jurisdiction for resolution of any dispute involving or relating in any way to this Agreement.

15.     This Agreement is signed voluntarily and without any duress or undue influence on the parties or their officers, employees, agents or attorneys, and no party is relying on any inducements, promises, or representations made by any other party or any of its officers, employees, agents or attorneys other than as set forth in this Agreement.

16.     Failure of any party to require the performance of any term in this Agreement, or the waiver by any party of any breach of this Agreement, will not prevent subsequent enforcement of such term nor be deemed a waiver of any subsequent breach.

7

17.    The provisions of this Agreement will not be construed against either party.

18.    This Agreement is worldwide in scope.

19.    This Agreement may be signed using one or more counterparts, each of which when signed shall be deemed to be an original and all of which when taken together shall constitute one and the same agreement. This Agreement will be enforceable upon the exchange of facsimile or electronically scanned signatures and will be effective on the date of the last signature (the "Effective Date").

IN WITNESS THERETO, the parties have caused the authorized officers to execute this Agreement effective as of the date of the final signature written below.

**THE MCBRIDE ORGANIZATION, LLC**          **PHANTOM ATHLETICS**

By: _____          By: DOM INIQUE WENGER

Name: _____          Name: CEO

Date: _____          Date: 09/10/2012

8

17.    The provisions of this Agreement will not be construed against either party.

18.    This Agreement is worldwide in scope.

19.    This Agreement may be signed using one or more counterparts, each of which when signed shall be deemed to be an original and all of which when taken together shall constitute one and the same agreement. This Agreement will be enforceable upon the exchange of facsimile or electronically scanned signatures and will be effective on the date of the last signature (the "Effective Date").

IN WITNESS THERETO, the parties have caused the authorized officers to execute this Agreement effective as of the date of the final signature written below.

THE MCBRIDE ORGANIZATION, LLC          PHANTOM ATHLETICS

By: _____            By: _____

Name: Dan McBride                       Name: _____

Date: 08/07/2017                        Date: _____

8